JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Tammy Laird

**(b)** County of Residence of First Listed Plaintiff    Gloucester
       *(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** ~~Attorneys~~ *(Firm Name, Address, and Telephone Number)*
Caren N. Gurmankin, Esq., Console Mattiacci Law,
110 Marter Avenue, Suite 502, Moorestown, NJ 08057

## DEFENDANTS

Global Trading Enterprises LLC d/b/a Rastelli Global
Rastelli Foods Group, LLC

County of Residence of First Listed Defendant    Gloucester
       *(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
       THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | |
| ☒ 3 | Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 | U.S. Government Defendant | |
| ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq.
Brief description of cause:
Plaintiff was discriminated against based on her age.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
11/05/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY**

_____
                                        :
**TAMMY LAIRD**                         :
**Swedesboro, NJ 08085**                :        **CIVIL ACTION NO.**
                                        :
                        **Plaintiff,**  :
                                        :
                **v.**                  :
                                        :
**GLOBAL TRADING**                      :
**ENTERPRISES LLC d/b/a RASTELLI**      :
**GLOBAL**                              :
**300 Heron Drive**                     :
**Swedesboro, NJ 08085**                :
                                        :
**and**                                 :
                                        :
**RASTELLI FOODS GROUP, LLC**           :
**300 Heron Drive**                     :
**Swedesboro, NJ 08085**                :
                                        :        **JURY TRIAL DEMANDED**
                                        :
                     **Defendants.** :
_____ :

**<u>COMPLAINT</u>**

**I.   <u>INTRODUCTION</u>**

Plaintiff, Tammy Laird, brings this action against her former employers,

Global Trading Enterprises, LLC d/b/a Rastelli Global and Rastelli Foods Group

("Defendants").  Defendants terminated Plaintiff at age fifty seven (57) and after

about fourteen (14) years of undisputedly excellent performance, and assigned

her job responsibilities to substantially younger employees.  Defendants

discriminated against Plaintiff based on her age in violation of the Age

Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.*

("ADEA") and the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:5-1, *et seq.* ("NJLAD").

**II.   <u>PARTIES</u>**

1.      Plaintiff, Tammy Laird, is an individual and a citizen of the state of New Jersey.

2.      Plaintiff was fifty seven (57) years old at the time that Defendants terminated her employment.

3.      Defendant, Global Trading Enterprises, LLC d/b/a Rastelli Global, is a New Jersey corporation with a principal place of business at 30 Heron Drive, Swedesboro, NJ 08085.

4.      Defendant, Rastelli Foods Group, LLC, is a New Jersey corporation with a principal place of business at 30 Heron Drive, Swedesboro, NJ 08085.

5.      Defendants are engaged in an industry affecting interstate commerce and regularly do business in the state of New Jersey.

6.      At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

7.      At all times material hereto, Defendants acted as employers within the meaning of the statutes which form the basis of this matter.

8.      At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

III.     **JURISDICTION AND VENUE**

9.     The causes of action which form the basis of this matter arise under the ADEA and the NJLAD.

10.     The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

11.     The District Court has supplemental jurisdiction over Count II (NJLAD) pursuant to 28 U.S.C. §1367.

12.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

13.     On or about November 5, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination alleged herein.  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

14.     On or about August 19, 2021, the EEOC issued to Plaintiff a Dismissal and Notice of Rights for her Charge of Discrimination.  Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

15.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.     **FACTUAL ALLEGATIONS**

16.     Plaintiff was hired by Defendants as a Pricing Supervisor in or around March 2006.

17.     At the time of Plaintiff's termination, she held the position of Billing

Manager, the position into which she had been promoted in around 2013.

18.     As of March 2020, Plaintiff reported directly to Anthony Rastelli II, Office Manager.  Mr. Rastelli II reported directly to his father, Tony Rastelli, Sr., Co-Owner.

19.     At all times material hereto, Plaintiff performed her duties in a highly competent manner.

20.     As Defendants stated in their Position Statement to the Equal Employment Opportunity Commission in response to Plaintiff's Charge of Discrimination, "By 2016 [Plaintiff] was running the billing department.  Her performance reviews throughout were excellent".

21.     On or about July 31, 2020, Mr. Rastelli II and Sal Russo, Shared Service Services Manager, informed Plaintiff that she was being furloughed for eight (8) weeks due to the Coviod-19 pandemic.

22.     Mr. Rastelli and Mr. Russo told Plaintiff that Defendants' workload was reduced as a result of the pandemic.

23.     Plaintiff was told that Defendants would be in touch to advise as to her employment status at the end of the eight (8) week furlough period.

24.     On or about September 24, 2020, Paul Zaun, Chief Financial Officer, contacted Plaintiff and asked if she would be interested in returning to work only for about one (1) to two (2) months on a special project.

25.     Plaintiff responded that she was interested, as she just wanted to return to work.

26.     Mr. Zaun told Plaintiff that he would be in touch with her once Mr.

Rastelli Sr. figured out whether the workload supported bringing her back to work.

27.     Shortly thereafter, Mr. Zaun contacted Plaintiff and told her that Defendants were still trying to figure out if they needed her and that they would be in touch.

28.      Mr. Rastelli Sr. subsequently contacted Plaintiff to let her know that he was hoping that Defendants would secure additional work that would warrant her return to work and that he would let her know.

29.     Plaintiff contacted Defendants a few days later, as she had not heard anything about her return to work.

30.     In response to Plaintiff's inquiry about her return to work, Mr. Russo confirmed that Defendants had terminated her employment on or about September 28, 2020.

31.     To the best of Plaintiff's information and belief, her job responsibilities have been assigned to substantially younger employees.

32.     Plaintiff hired and trained the employees to whom she believes her job responsibilities have been assigned.

33.     Aside from that set forth herein, Defendants' conduct and comments evidenced a bias against older employees.  The same includes, but is not limited to, the following:

> (a) To Plaintiff's information and belief, in the months prior to her termination, Defendants terminated older employees and replaced them with younger employees;

> (b) Mr. Rastelli Sr. made comments about employees of Defendants being better able to handle work and

complete certain tasks because they are "young and beautiful";

(c) To Plaintiff's information and belief, Mr. Russo asked an employee over the age of sixty (60) when she planned to retire; and,

(d) To the best of Plaintiff's knowledge and belief, Defendants terminated other older employees at around the same time that they terminated her employment.

34.     Plaintiff's age was a motivating and/or determinative factor in Defendants' discriminatory treatment of Plaintiff, including terminating her employment.

35.     As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

36.     Defendants acted with malice and/or reckless indifference to Plaintiff's protected rights.

## **COUNT I - ADEA**

37.     Plaintiff incorporates herein by reference paragraphs 1 through 36 above, as if set forth herein in their entirety.

38.     By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADEA.

39.     Said violations were willful and warrant the imposition of liquidated damages.

40.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

41.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

42.     No previous application has been made for the relief requested herein.

## **COUNT II – NJLAD**

43.     Plaintiff incorporates herein by reference paragraphs 1 through 42 above, as if set forth herein in their entirety.

44.     Defendants, by the above improper and discriminatory acts, have violated the NJLAD.

45.     Said violations were intentional and willful.

46.     As a direct and proximate result of Defendants' violation of the NJLAD, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

47.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory acts unless and until the Court grants the relief requested herein.

48.     No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of the ADEA;

(b) declaring the acts and practices complained of herein to be in violation of the NJLAD;

(c) enjoining and permanently restraining the violations alleged herein;

(d) entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(e) awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(f) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(g) awarding liquidated damages to Plaintiff under the ADEA;

(h) awarding punitive damages to Plaintiff under the NJLAD;

(i) awarding Plaintiff such other damages as are appropriate under the ADEA and the NJLAD;

(j)      awarding Plaintiff the costs of suit, expert fees and other

disbursements, and reasonable attorney's fees; and,

(k)      granting such other and further relief as this Court may deem

just, proper, or equitable including other equitable and injunctive relief providing

restitution for past violations and preventing future violations.


**CONSOLE MATTIACCI LAW**


Dated:   <u>11/5/21</u>                    BY:   _____

Caren N. Gurmankin (205900)
110 Marter Avenue, Suite 502
Moorestown, NJ 08057
(856) 854-4000
(215) 405-2900 (fax)

Attorney for Plaintiff,
Tammy Laird

9

# Exhibit "1"

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER: |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating tills form. | Q   FEPA<br>X   EEOC | 530-2020-06028C |

| STATE OR LOCAL AGENCY: | | |
|---|---|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>Tammy  Laird | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>Swedesboro, NJ 08085 | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>Rastelli Global Enterprises<br>Rastelli Foods Group | NUMBER OF EMPLOYEES,<br>MEMBERS<br>>20 | TELEPHONE (Include Area Code)<br>(856) 223-9966 |
|---|---|---|

| STREET ADDRESS<br>Corporate Headquarters/Charging  Party's Work Location<br>300 Heron Drive | CITY, STATE AND ZIP<br><br>Swedesboro, NJ 08085 | COUNTY<br><br>Gloucester |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race   Q Color   Q Sex   Q Religion   Q National Origin<br>   Q Retaliation   X Age   Q Disability   Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*              *Latest*  07/31/2020 |
|---|---|

## The Particulars Are:

A.      1.        Relevant Work History

Iwas hired by Respondent in or about March 2006 as Pricing Supervisor. Iwas promoted to Billing Manager in around 2013.  As of around March 2020, Istarted reporting to Anthony Rastelli II, Office Manager.  Mr. Rastelli reported directly to his father, Tony Rastelli, Sr., Co-Owner.

Prior to my termination, Iwas not disciplined or written up for any performance issues or deficiencies.

| __ I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| \\-?>-2o'2.Q<br>Date:              1-cL<br>           Charging Party *(Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

2.      Harm Summary

I was discriminated against based on my age.  Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following:

(a)     On or about July 31, 2020, Mr. Rastelli II and Sal Russo, Shared Services manager, informed me that I was being furloughed for eight (8) weeks due to the current pandemic and the fact that Respondents' workload was reduced as a result;

(b)     I was told that Respondents would be in touch to advise as to my employment status at the end of the eight (8) week period;

(c)     On or about September 24, 2020, Paul Zaun, Chief Financial Officer, contacted me and asked if I would be interested in returning to work only for about one (1) to two (2) months on a special project.  I indicated that I was definitely interested, as I wanted to return to work;

(d)     Mr. Zaun said that he would be in touch with me once Mr. Rastelli Sr. had figured out whether the workload supported bringing me back;

(e)     Shortly thereafter, Mr. Zaun contacted me and said that Respondents were still trying to figure out if they needed her, and that they would be in touch;

(f)     Mr. Rastelli Sr. contacted me and said that he was hoping to get additional work that would warrant my return and that he would let me know;

(g)     I did not hear anything back from Respondents in connection with my return to work.  When I contacted them a few days later to ask about the status of certain of my benefits, Mr. Russo sent me an email answering my questions and confirming that Respondents had terminated my employment;

(h)     Respondents' comments and conduct evidenced a bias against older employees. The same includes, but is not limited to, the following:

(1)     To the best of my knowledge, my direct reports, both of whom are substantially younger than I am, have taken over my job responsibilities;

(2)     I am aware that, over the last several months, Respondents have terminated older employees and replaced them with younger employees;

(3)     Mr. Rastelli Sr. has made comments about employees in Respondents' other locations being better able to handle work and complete certain tasks because they are "young and beautiful";

(4)     To the best of my knowledge, Mr. Russo asked an employee over the age of sixty (60) when she planned to retire; and,

(5)     To the best of my knowledge, Respondents terminated other older employees at around the same time that they terminated my employment.

B.      1.      Respondents' Stated Reasons

Respondents have not offered any explanation for putting me on furlough and then terminating my employment.

C.        1.        Statutes and Basis for Allegations

I believe that Respondents have discriminated against me in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), and the New Jersey Law Against Discrimination, as amended N.J.S.A. 10:5-1, *et seq.* ("NJLAD").

# Exhibit "2"

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:  **Tammy Laird**
████████████████

From:  **Philadelphia District Office**
**801 Market Street**
**Suite 1000**
**Philadelphia, PA 19107**

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2021-00557** | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9707** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Dana R Hutter*

_____          08/19/2021
**Dana R. Hutter,**                        _____
**Deputy Director**                        *(Date Issued)*

Enclosures(s)

cc:   **Hank Malcom**                      **Caren N Gurmankin, Esq,**
      **HR Director**                      **1525 Locust Street**
      **Rastelli Foods**                   **9th Floor**
      **300 Heron Dr.**                    **Philadelphia, PA 19102**
      **Swedesboro, NJ 08085**